# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, CAMPANELLA, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JONATHAN D. HOOK**
**United States Army, Appellant**

ARMY 20121115

Headquarters, United States Army Alaska
Stefan R. Wolfe, Military Judge
Lieutenant Colonel Keven J. Kercher, Acting Staff Judge Advocate

For Appellant:  Captain Robert H. Meek, III, JA; Frank J. Spinner. Esq. (on brief).

For Appellee:  Major A.G. Courie, III, JA; Major Daniel D. Derner, JA; Captain Timothy C. Donahue, JA (on brief).

23 October 2015

------------------------------------
SUMMARY DISPOSITION
------------------------------------

PENLAND, Judge:

A panel of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of wrongful possession and use of an anabolic steroid, trenbolone acetate, one specification of aggravated assault by intentionally inflicting grievous bodily harm upon a child under the age of sixteen years, two specifications of aggravated assault with a means likely to produce death or grievous bodily harm, two specifications of assault consummated by a battery upon a child under the age of sixteen years, eight specifications of assault consummated by a battery, one specification of child endangerment, and one specification of communicating a threat, in violation of Articles 112a, 128, 134, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 928, 934 (2006; 2012) [hereinafter UCMJ].  The panel sentenced appellant to a dishonorable discharge, confinement for eighteen years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence and credited appellant with 164 days against the confinement term.

We review this case under Article 66, UCMJ. Appellant raises three assignments of error, none of which merit discussion or relief. We have also considered matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); our disposition of a matter not raised by appellant renders them moot.

Appellant was convicted of two specifications under Article 112a, alleging his wrongful possession and use, respectively, of "an Anabolic Steroid, Trenbolone Acetate, a schedule III controlled substance." NH testified that appellant used a substance he described with no greater specificity than as anabolic steroids. Investigator CR also testified that he seized from appellant's refrigerator a container labeled with, "Anabolic Research Labs." The military judge ruled that any additional words on the label purporting to identify its exact contents was inadmissible hearsay, and the government offered no evidence to support the allegation that the substance was trenbolone acetate.

The standard of review for legal sufficiency is whether, considering all evidence in the light most favorable to the government, any reasonable fact-finder could have found all of the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Tollinchi*, 54 M.J. 80, 82 (C.A.A.F. 2000). Applying this standard to Charge I and its specifications, we answer in the negative with respect to the specific identity of the controlled substance as trenbolone acetate.

**CONCLUSION**

The findings of guilty of Charge I and its Specifications are set aside. The affected Charge and its Specifications are DISMISSED.

The remaining findings of guilty are AFFIRMED.

Reassessing the sentence in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986), we are confident the panel would have adjudged the same sentence absent the dismissed charge and its specifications. We recognize, based on the government's sentencing concessions at trial, that our disposition changes the penalty landscape from 25 years and 6 months confinement to 20 years and 6 months confinement. However, the nature of the remaining offenses captures the gravamen of appellant's crimes—multiple instances of aggravated assault and assault consummated by a battery upon his wife and infant child, including strangling his wife into unconsciousness and nearly cutting off his child's tongue with a sharp object. The admitted aggravation evidence remains relevant. The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

Senior Judge HAIGHT and Judge CAMPANELLA concur.



FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court